AARON D. FORD
 Attorney General
DOUGLAS R. RANDS, Bar No. 3572
 Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Defendants,*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT CSECH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MCKEE, et al.,<br><br>　　　　　　Defendants. | Case No.  3:19-cv-00210-MMD-WGC<br><br>**OPPOSITION TO REQUEST FOR DEFAULT (ECF NO. 20)** |

　　　Defendants, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby respond to Plaintiff's Request for Entry of Default (ECF No. 20) This response is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and such other and further information as this Court may deem appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　　FACTS AND RELEVENT PROCEDURAL HISTORY**

　　　This case is a civil rights action pursuant to 42 U.S.C. § 1985.  (ECF No. 4).  Plaintiff, Robert Csech, (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC) and is currently housed at the Northern Nevada Correctional Center (NNCC).  (ECF No. 4 at 1).

　　　On September 16, 2020, Plaintiff filed a Request for Entry of Default against Defendants. (ECF No. 20 at 2)  He claims he is entitled to default pursuant to local rule 77-1. (Id.)  He also alleges fraud

against the Court. (Id.) In this matter, all the Court has ordered that the Defendants are not required to answer or respond to the Complaint until after the Early Mediation Conference. (ECF No. 3) Default is not warranted, as the early mediation conference was only recently concluded on September 22, 2020.

## II.     LEGAL STANDARD

### A.     Plaintiff has not provided any legal authorities to support his request for relief.

According to the title of his application/motion, Plaintiff asserts that he is entitled to an award of default based Local Rule 77-1. However, this authority does not expressly authorize this Honorable Court to enter a default judgment against a defendant which has no obligation to file an answer and has defended the action through mediation. Therefore, Plaintiff has not provided this Court with any legal basis to grant him the relief he requests.

### B.     Default may be awarded due to a failure to defend or as a sanction for vexatious litigation tactics.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A plaintiff seeking a default judgment in a civil case before the United States District Court generally relies upon Fed. R. Civ. P. 55, which states, in pertinent part, as follows:

> (a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) **Entering a Default Judgment**.
>  (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

This Court previously determined that "no default may be entered if the party has filed a response indicating his intent to defend the action." *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 968 F. Supp. 2d 1082, 1086 (D. Nev. 2013). Defendants have indicated their intent to defend this matter. Defendants have participated in the early mediation process. Therefore, Default is not warranted.

### III.  CONCLUSION

As Defendants have unmistakably shown, they have not failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to a default pursuant to Fed. R. Civ. P. 55. Also, Defendants have unmistakably shown they have participated in the pretrial process. Consequently, Plaintiff is not entitled to a default.

DATED this 9th day of October, 2020.

AARON D. FORD
Attorney General

By:   */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 9th day of October, 2020, I caused to be served a copy of the foregoing, **OPPOSITION TO REQUEST FOR DEFAULT (ECF NO. 20),** by U.S. District Court CM/CEF Electronic Filing on:

Robert Csech #51121
Care of NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702
lawlibrary@doc.nv.gov

                                                            */s/ Roberta W. Bibee*
                                                          An employee of the
                                                          Office of the Attorney General