# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

ROBERT CSECH,

    Plaintiff,

v.

JAMES DZURENDA, *et al.*,

    Defendants.

Case No. 3:19-CV-00210-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

[ECF No. 54]

    This case involves a civil rights action filed by Plaintiff Robert Csech ("Csech") against Defendant Isidro Baca ("Baca"). Currently pending before the Court is Baca's motion for summary judgment. (ECF Nos. 54, 55.)[2] Csech responded, (ECF No. 61), and Baca replied. (ECF No. 62.) For the reasons stated below, the Court recommends that Baca's motion for summary judgment, (ECF No. 54), be granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Csech is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). (ECF Nos. 3, 4.) On April 24, 2019, proceeding *pro se*, Csech filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), seeking, monetary damages and for the Court to hold Baca liable and responsible for events that allegedly occurred while Csech was incarcerated at the NNCC. (ECF No. 4.) Although Csech has three strikes under 28 U.S.C. § 1915(g), the District Court screened Csech's Complaint under the imminent danger exception and 28 U.S.C. § 1915A on March 03, 2020. (ECF No. 3.) The Court allowed Csech to proceed on one claim for Eighth

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 55 is an erratum to the motion for summary judgment.

Amendment deliberate indifference to serious medical needs against Baca, and dismissed, without prejudice, defendant NDOC Director James Dzurenda. (*Id.*)

Csech's Complaint alleges the following: On April 5, 2019, Csech was strangled by a Doe correctional officer. (ECF No. 4 at 4.) Csech alleges this strangulation resulted in substantial bodily harm, such that he lost movement in his arm and legs, lost eyesight, and acquired further brain damage. (*Id.*) Csech alleges Baca was present during the strangulation and/or immediately after the strangulation when Csech was threatened "over and over" by a Doe sergeant who stated, "no more paperwork, you know what I mean". (*Id.* at 4, 12.) For these reasons, Csech alleges he was unable to "request, seek, or obtain much needed access to medical attention." (*Id.* at 4.)

On June 24, 2021, Baca filed a motion for summary judgment. (ECF No. 54.) Baca asserts that he is entitled to summary judgment because Csech failed to fully exhaust the administrative grievance process prior to filing his Complaint. (*Id.* at 6.) Csech responded on July 23, 2021, asserting that Baca is "unable to prove that an administrative remedy was avail[a]ble!" (ECF No. 61 at 6.) Csech's response relies on the exhibits provided in Baca's previous filings. (*Id.*) Baca replied on August 12, 2021, asserting that Csech's response, (ECF No. 61), does not "allege he filed a grievance, or was prevented from filing a grievance." (ECF No. 62 at 3.) Baca's reply further asserts Csech's opposition fails to put forth sufficient evidence to raise a genuine issue of material fact capable of defeating Baca's motion for summary judgment. (*Id.*)

**II.    LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not

material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v.*

*Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving party must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party

does not make nor provide support for a possible objection, the court will likewise not consider it).

### III. DISCUSSION

#### A. Civil Rights Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally protected right by (2) a person or official acting under the color of state law. *Anderson*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

#### B. Eighth Amendment Deliberate Indifference to Serious Medical Needs

##### 1. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

### 2. NDOC's Inmate Grievance System

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. An inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. (*See* ECF Nos. 54-3, 54-4.) The inmate may file an informal grievance within *six months* "if the issue involves personal property damages or loss,

1  personal injury, medical claims or any other tort claims, including civil rights claims." (ECF
2  No. 54-3 at 11) (emphasis added.) The inmate's failure to submit the informal grievance
3  within this period "shall constitute abandonment of the inmate's grievance at this, and all
4  subsequent levels." (*Id.* at 12.)  NDOC staff is required to respond within forty-five days.
5  (*Id.*) An inmate who is dissatisfied with the informal response may appeal to the formal
6  level within five days. (*Id.*)

7       At the first formal level, the inmate must "provide a justification to continue to the
8  first level." (*Id.* at 13.) "A First Level grievance should be reviewed, investigated and
9  responded to by the Warden at the institution where the incident being grieved occurred."
10 (*Id.* at 12.)  "The Warden may utilize any staff in the development of a grievance
11 response." (*Id.*) The time limit for a response to the inmate . . . is forty-five" days. (*Id.* at
12 14.) Within five days of receiving a dissatisfactory First Level response, the inmate may
13 appeal to the Second Level, which is subject to still-higher review. (*Id.*) Officials are to
14 respond to a Second Level grievance within sixty days, specifying the decision and the
15 reasons the decision was reached. (*Id.* at 15.) Once an inmate receives a response to the
16 Second Level grievance, he or she is considered to have exhausted available
17 administrative remedies and may pursue a civil rights case in federal court.

18                  **3.**     **Exhaustion of Csech's Claims**

19      Csech's claim against Baca arises from an incident that allegedly occurred at
20 NNCC on April 5, 2019. (ECF No. 3 at 4.) Baca argues Csech did not properly exhaust
21 his available administrative remedies, as he failed to follow the grievance procedure
22 outlined by AR 740. (ECF No. 54 at 6.) Specifically, Baca contends that Csech failed to
23 file any grievance relating to his claims of medical abuse from the alleged incident and
24 failed to file a grievance relating to claims against Baca. (*Id.*)

25      Csech's opposition asserts that Baca, and defense counsel, are unable to prove
26 that an administrative remedy was available. (ECF No. 61 at 6.)  Csech further asserts
27 that Baca, and his witnesses were specifically aware that Csech was in need of
28 assistance, i.e., medical aid, and nobody at NDOC helped Csech. (*Id.*) Csech states his

argument can be shown by discovery provided to him by defense counsel. (*Id.*)[4]

A review of the authenticated evidence shows that Csech did not file a Grievance regarding the claims asserted in the Complaint. (*See* ECF Nos. 54-1, 54-2.) AR 740 expressly requires that an inmate must file an informal grievance and proceed through each level of grievance thereafter in order to exhaust the administrative remedies process. (*See* ECF No. 54-3.) AR 740 requires an inmate to file an informal grievance within six months "if the issue involves . . . civil rights claims," and an inmate's failure to submit an informal grievance within this period "shall constitute abandonment of the inmate's claim at this, and all subsequent levels." (*Id.* at 11-12.) Csech cannot circumvent the requirements of AR 740 by not completing the grievance process. Therefore, the Court finds that Csech failed to exhaust his administrative remedies pursuant to AR 740, prior to initiating this action.

The burden now shifts to Csech "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). Csech provides no evidence to show that administrative remedies were unavailable to him. Csech instead argues that Baca is unable to prove that an administrative remedy was available. (ECF No. 61.) However, Csech has failed to provide any evidence to support his assertion. Csech has neither alleged, nor provided evidence of, Baca, or anyone at NDOC, failing to establish "locked boxes where all inmates have access to submit their grievances directly to the box." (*See* ECF No. 54-3 at 3.) Csech fails to show that any emergency

---

[3] There are no exhibits attached to Csech's response. (ECF No. 61.) Csech provided an Exhibit A to his Complaint, (ECF No. 4 at 14-15), however, the attached letter is from 2016, some three years prior to the incident alleged, and neither this letter, nor the corresponding grievance that it refers to, (*see* ECF No. 54-1), show deliberate indifference to medical needs.

[4] The Court has liberally construed Csech's opposition as incorporating by reference the exhibits provided by Baca in his motion for summary judgement and his errata. (ECF Nos. 54-1, 54-2, 54-3, 54-4, 55-1, 55-2, 55-3, 55-4.)

grievance was filed, or that Csech even attempted to file or hand an emergency grievance to any NDOC staff member. (*See id.*) Csech also fails to allege or provide evidence that anyone at the NDOC failed to make grievance forms accessible through "unit staff, the unit caseworker or in the Institutional Law Library." (*Id.*) Csech has failed to assert or prove that anyone at NDOC restricted his access to grievance forms. Furthermore, Csech fails to provide evidence that anyone at NDOC failed or refused to either collect a grievance from him or failed to enter a grievance that was made into NOTIS. (*Id.* at 2-3.) Therefore, Csech has failed to meet his burden on summary judgment.

Exhaustion plays a very important role in both the prison and court settings. "Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford v.* Ngo, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992)). Exhaustion also "promotes efficiency." *Id.* Csech does not provide any evidence that he exhausted his administrative remedies, and he does not present any evidence that such remedies were effectively "unavailable." Accordingly, the Court concludes that Csech failed to exhaust available administrative remedies prior to filing this action, and Baca's motion for summary judgment should be granted.

**IV.   CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Baca's motion for summary judgment, (ECF No. 54), be granted.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any

notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Baca's motion for summary judgment, (ECF No. 54), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: September 27, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**